**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-4652**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

EDDIE SYLVESTER STEELE,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:06-cr-00190-RJC-2)

---

Submitted: March 15, 2018          Decided: March 23, 2018

---

Before AGEE, WYNN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Sylvester Steele appeals the 24-month sentence imposed upon the revocation of his supervised release. On appeal, Steele argues that the district court imposed a procedurally unreasonable sentence by failing to provide an adequate explanation for the sentence it imposed. For the reasons that follow, we affirm.

Generally, we will affirm a revocation sentence that "is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). We must consider both the procedural and substantive reasonableness of the sentence, applying the same general considerations employed in review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes and internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court's explanation must be sufficient to permit us to "effectively review the reasonableness of the sentence" and to "provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before [it] and

2

also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

At his revocation hearing, Steele argued only that the district court should credit him for the lengthy period of time he had served in custody on related charges prior to the revocation hearing. The court fully explained its reasons for declining this request; indeed, Steele does not argue to the contrary. However, Steele did not preserve a challenge to the court's explanation for the length of the sentence it imposed by requesting a sentence below the applicable Guidelines policy statement range or otherwise "drawing arguments from § 3553 for a sentence different than the one ultimately imposed." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010); *see id.* at 579 n.4 ("Of course, lodging one specific claim of procedural sentencing error before the district court, *e.g.*, relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, *e.g.*, relying on different § 3553 factors."). Thus, we can reverse any error in the district court's explanation only if Steele satisfies the exacting plain error standard. *Id.* at 577.

Under plain error review, Steele bears the burden to establish that: (1) an error occurred; (2) the error was plain, or "obvious or clear under current law"; and (3) the error affected his substantial rights. *United States v. Knight*, 606 F.3d 171, 177 (4th Cir. 2010) (internal quotation marks omitted). "In the sentencing context, an error affects substantial rights if there is a reasonable probability that, but for the error, the district court would have imposed a different sentence." *United States v. White*, 836 F.3d 437, 447 (4th Cir. 2016) (internal quotation marks omitted). Even if these elements are

satisfied, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Webb*, 738 F.3d at 641 (alteration and internal quotation marks omitted).

The district court's failure to explain the length of the sentence it imposed on Steele was undoubtedly error. *See Thompson*, 595 F.3d at 547 ("[A] district court may not simply impose sentence without giving *any* indication of its reasons for doing so."). That error also was plain. *See Slappy*, 872 F.3d at 210 ("[T]he district court's obligation to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be, has been settled in this Circuit since at least *Moulden*." (internal quotation marks omitted)). However, Steele does not argue that he would have received a lower sentence if the court had explained the basis for the within-Guidelines sentence it imposed.

Nor does the record provide a solid ground to support such a conclusion. To the contrary, the record reveals that Steele flouted the requirements of his supervised release by failing to make any payments toward his restitution obligation and absconding from supervision within months of his release. Less than a year after being released from prison, Steele committed the same criminal conduct—armed Hobbs Act robbery—that resulted in his original sentence. *See* 18 U.S.C. §§ 3553(a), 3583(e) (2012) (providing applicable statutory sentencing factors); *Webb*, 738 F.3d at 641 (recognizing that, "in fashioning a revocation sentence, the court should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)). Steele's counsel offered little in mitigation beyond the sentencing credit argument that the district court explicitly

4

rejected. Further, Steele's sentence of 24 months, at the applicable Guidelines policy statement "range," was significantly lower than the policy statement range to which he would have been subject absent the statutory maximum. On this record, we cannot conclude that the court's plain error affected Steele's substantial rights.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*